```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION

AUDREY RENEE CHAVEZ,            §
                                §
          Plaintiff,            §
                                §
VS.                             §    Civ. A. H-13-2904
                                §
REVENUE REPORTING SERVICES,     §
                                §
          Defendant.            §
```

**OPINION AND ORDER**

Pending before the Court in the above referenced cause, alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, is Plaintiff Audrey Chavez's motion for default judgment (instrument #13) against Defendant Revenue Reporting Services. The Clerk of the Court previously entered default against Defendant on March 6, 2014 (#9).

When the defendant in an action is a corporation, service of process is governed by the Texas Business Organizations Act. *AAA Navi Corp. v. Parrot-Ice Drink prods. of Am., Ltd.*, 119 S.W. 3d 401, 403 (Tex. App.--Tyler 2003, no pet.). Plaintiff's Original Complaint (#1 at p.2) states that Defendant is a foreign corporation organized under the laws of the State of New York, with its principal place of business in Erie County, New York, and that it is authorized to do business in Texas, but has failed to appoint a registered agent for service of process in Texas. Tex. Bus. Org. Code Ann. § 5.201 (requiring a corporation to continuously maintain a registered agent for service or process and a registered office). Chavez claims that Defendant was served with process through the Texas Secretary of State pursuant to

-1-

Texas Business Organizations Code § 5.21,[1] a long-arm statute, which provides,

> The secretary of state is an agent of the entity for purposes of service of process, notice, or demand on the entity if:
>
> (1) the entity is a filing entity or a foreign filing entity and:
>
> > (A) the entity fails to appoint or does not maintain a registered agent in this sate; or
> >
> > (B) the registered agent of the entity cannot with reasonable diligence be found at the registered office of the entity; or
>
> (2) the entity is a foreign filing entity and:
>
> > (A) the entity's registration to do business under this code is revoked; or
> >
> > (B) the entity transacts business in this state without being registered as required by Chapter 9.

As summarized by the Dallas Court of Appeals in *El Paisano Northwest Highway, Inc. v. Azarte*, 2014 WL 1477701, at *2 (Tex. App.--Dallas Apr. 14, 2014)(citations omitted),

> Service of process on the secretary of state is accomplished by delivering duplicate copies of the process and any required fee. After service on the secretary of state, the secretary forwards the process to the corporation by certified mail, return receipt requested. A certificate by the secretary of state as to service conclusively establishes that process was served.

Under Texas Rule of Civil Procedure 239, "Upon such call of the docket or at any time after a defendant is required to answer, the plaintiff may in term time take judgment by default against such defendant if he has not previously filed an answer, and provided that the return of service shall have been on file with the clerk

---

[1] Section 5.251 provides,

for a length of time required by Rule 107." Federal Rule of Civil Procedure 4(l), "Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be made by the server's affidavit."

When substituted service is permissibly made on the secretary of state, the secretary "is not an agent for *serving* but for *receiving* process on the defendant's behalf." *Id.,* citing *Campus Invs., Inc. v. Cullever*, 144 S.W. 3d 464, 466 (Tex. 2004)(per curiam). Thus a copy of the certificate that the secretary of state sends to the plaintiff stating that secretary received and forwarded a copy of the citation and the pleading satisfies the requirements for service and, absent fraud or mistake, conclusively establishes that process has been served. *Id., citing id.* at 465-66. See *Legends Landscapes LLC v. Brown*, No. 06-13-00129-CV, 2014 WL 1260624, at *5 (Tex. App.--Texarkana Mar. 27, 2014)("[F]iling the certificate dispenses with the requirement in Rules 107 and 239 of the Texas Rules of Civil Procedure that the citation and return be filed."); *Big D Transmission & Auto Service, Inc. v. Rollins*, No. 05-11-01019-CV, 2013 WL 3009718, at *2 (Tex. App.--Dallas June 13, 2013)("Thus, Big D was served through substituted service on the secretary of state and, therefore, had constructive notice of the lawsuit."), *citing BLS Limousine Serv., Inc. v. Buslease, Inc.*, 680 S.W. 2d 543, 546 (Tex. App.--Dallas 1984, writ n.r.e.)("Although the citations were returned to the Secretary bearing the notation 'refused,' appellants were served in accordance with the requirements' of the

-3-

long-arm statute."); *G.F.S. Ventures, Inc. v. Harris*, 934 S.W. 2d 813, 818 (Tex. App.--Houston [1st Dist.] 1996).[2]

If he received a certificate from the Secretary of State, Counsel for Chavez failed to file a copy of it with his motion for entry of default and with his current motion for default judgment. Accordingly he has not proved that service was effected. Accordingly, the Court

ORDERS that counsel shall file a copy of the certificate within ten days or the entry of default will be vacated.  Until such evidence has been provided, the Court

ORDERS that Chavez's motion for entry of default judgment is DENIED, but may be reurged if counsel provides proof of service through the secretary of state's certificate.

**SIGNED** at Houston, Texas, this  20th  day of  February , 2015.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

[2]  The Court notes that such a certificate does not establish the reasonable diligence element, of which it has no evidence in the record of this case and which might be a target of attack after entry of a default judgment: "'[A] default judgment obtained after an attempted substituted service will not stand absent a showing by the plaintiff that, before it resorted to substituted service, it first used reasonable diligence in seeking service on the registered agent of the corporation.'" *Autodynamics Inc. v. Vervoort*, No. 14-10-00021-CV, 2011 WL 1260077, at *4 (Tex. App.-Houston [1st Dist.] Apr. 5, 2011), *quoting Ingram Indus., Inc. v. U.S. Bolt Mfg., Inc.*, 121 S.W. 3d 31, 34 (Tex. App.-Houston [1st Dist.] 2003, no pet.).